HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I agree that the district court properly granted American Family summary judgment on Lopez’s age discrimination and intentional-infliction-of-emotional-distress claims. However, I would vacate the district court’s grant of summary judgment on Lopez’s mixed-motive race discrimination claim and remand for further proceedings.
The majority deems Jackson’s admission. that she hired Lopez because she was Hispanic, Lopez’s conversation with Besses regarding the de-emphasis of the Hispanic market, and American Family’s decreased presence at Hispanic events too attenuated to support an inference of discrimination. The majority explains that the two years between Besses’s statements and Lopez’s displacement is “a long gap over which to infer a causal connection,” and that Jackson’s testimony suggests that Besses’s move and marketing decisions were made within separate divisions of American Family. But it is reasonable’ that Besses, then in charge of outreach to the Hispanic community, would be the first displaced in a multiple-year process of deemphasizing the Hispanic market. And, it' does not follow from the fact that a different corporate division made marketing decisions that Lopez was not displaced pursuant to these shifting marketing goals.
*806 The majority rejects Lopez’s argument that Jackson would have found some reason to deny her the Hans Hansen position even if Lopez had initially accepted it, and further reasons that because American Family’s policy was only that an open position might be extended to displaced managers, American Family did not violate any policy in its treatment of Lopez. However, Lopez presented evidence from which a jury could conclude that American Family made illusory offers of employment. Viewing the facts in the light most favorable to Lopez, a jury could conclude that although Jackson offered Lopez the Hans Hansen opportunity, she and Steffen knew that Lopez declined that opportunity only because she was pursuing preferred positions in Arizona; that Jackson informed the Arizona managers to whom Lopez had applied for employment that Lopez’s use of her expense account was under investigation (despite there being no policy requiring her to do so); and that the Hansen policies had not been distributed when Lopez told Jackson that she had not gotten the Arizona position, and would not actually be distributed until the end of the month. Even if this did not violate American Family policy, such treatment could reasonably be viewed as evidence of a discriminatory desire not to retain Lopez, especially in combination with Lopez’s evidence regarding American Family’s de-emphasis of the Hispanic market.
Moreover, while I agree that Lopez need not establish pretext at the summary judgment stage of a mixed-motive claim, Lopez supports her claim that the interview was pretextual with circumstantial evidence from which a jury could infer discrimination. In particular, Lopez points to irregularities in the scoring of the candidates’ employment history.
Lopez has presented evidence sufficient to overcome her relatively light burden of demonstrating that her race “was a motivating factor ” for American Family’s actions, “even though other factors also motivated” its adverse employment actions. Wright v. Murray Guard, Inc., 455 F.3d 702, 711 (6th Cir.2006) (citing 42 U.S.C. § 2000e-2(m)). “This burden of producing some evidence in support of a mixed-motive claim is not onerous and should preclude sending the case to the jury only where the record is devoid of evidence that could reasonably be construed to support the plaintiffs claim.” White v. Baxter Healthcare Corp., 533 F.3d 381, 400 (6th Cir.2008). “[Enquiries regarding what actually motivated an employer’s decision are very fact intensive, [and] such issues will generally be difficult to determine at the summary judgment stage and thus will typically require sending the case to the jury.” Id. at 402 (internal citations and quotations omitted). Lopez presented evidence adequate to meet her light burden, and summary judgment for American Family on this claim was not appropriate.
For these reasons, I concur in part and dissent in part.